IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

SHANE S. DAILEY,  (Chapter 7)

       Debtor.  Case No. 09-14098

---

Michael Kepler,

       Plaintiff,

v.  Adv. No. 09-169

Paul Springer,

       Defendant.

---

MEMORANDUM DECISION

---

Shane Dailey filed bankruptcy on June 19, 2009. The trustee filed an adversary proceeding to avoid allegedly preferential transfers made to Paul Springer.

There are no fact disputes. The debtor, Shane Dailey, was a business acquaintance of defendant Paul Springer, who in turn was a business acquaintance of Chuck Virtue. On May 11, 2009, Springer was present when Dailey bought cattle from Virtue and paid with a $15,200 check. Springer told Virtue that if Dailey's check were dishonored, he (Springer) would cover it. Springer had never made such a promise before. Dailey resold the cattle on May 12 and 13.

On May 15, Virtue told Springer the check had been dishonored. The next day, Springer deposited $15,200 in cash in Virtue's account to cover the check. Springer then told Dailey that

1

the check had been dishonored. Dailey testified that he felt morally obligated to repay Springer and did so. On May 22, Dailey paid Springer $12,000 via cashiers check. On May 29, he paid Springer $1,500 in cash. Finally, on June 1, he completed repayment by paying Springer $1,700 in cash.

The requisite showing for a preference is set forth in § 547(b):

> (b) . . . the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>      [ . . .]
>      (B) between ninety days and one year before the date of the filing of the
>      petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
>      (A) the case were a case under chapter 7 of this title;
>      (B) the transfer had not been made; and
>      (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The parties agree that the statutory elements of a preference are present. But Springer contends that the preference is not avoidable either because it was a contemporaneous exchange or was made in the ordinary course.

The transfers made by Dailey to Springer were not a contemporaneous exchange. Section 547(c)(1) protects transfers to the extent:

> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
> (B) in fact a substantially contemporaneous exchange

The Code, in § 547(a)(2), defines "new value" as

2

"money or money's worth in goods, services, or new credit, or release by a transfer of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, but does not include an obligation substituted for an existing obligation"

There is no indication here that the parties intended to or did in fact effect a contemporaneous exchange for new value. Instead, Dailey reimbursed, or "indemnified," Springer. The reimbursement did not allow Dailey to acquire any "new value"—he had already bought and re-sold the cattle. The Seventh Circuit has previously found that reimbursements are not contemporaneous exchanges within the meaning of §547(c). See, e.g., In re Vitreous Steel Prods., Co., 911 F.2d 1223 (7th Cir. 1990) (no contemporaneous exchange for new value where creditor "was being reimbursed for expenses incurred some time back"); see also, In re Energy Co-Op, Inc., 832 F.2d 997 (7th Cir. 1987) (no contemporaneous exchange for new value where debtor paid creditor to settle a claim and got a release and "credibility and goodwill" in return). Instead, the defense is intended to protect those transfers "not really on account of an antecedent debt." Id.

Springer acted kindly in assuring Dailey's debt, and Dailey attempted to indemnify him promptly by repaying the debt. The suretyship Springer provided was informal. Had the parties formalized this agreement in a writing, there is a slight chance it would not have been avoidable. See, e.g., In re Advanced Contractors, 44 B.R. 239 (Bankr. M.D. Fla. 1984) (creditor's release of lien rights against a third party surety constituted new value). Wisconsin law is clear, however, that surety contracts are void unless written. Wis. Stat. § 241.02. So Dailey's obligation to Springer was not legally enforceable. Thus, Dailey's payments to Springer were for a value that had been given at the time Springer paid Virtue.

The ordinary course defense is also a non-starter. Section 547(c)(2) provides:

(c) The trustee may not avoid under this section a transfer—
[ . . .]
(2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—
 (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
 (B) made according to ordinary business terms;

The Seventh Circuit has noted that the purpose of § 547(c)(2) is to leave undisturbed "normal commercial and financial relationships" and to protect "recurring, customary" transactions. Kleven v. Household Bank, 334 F.3d 638 (7th Cir. 2003). The situation here was abnormal and unique. Springer concedes that he had never before guaranteed payment for Dailey or anyone else. Instead, the payments Dailey made to Springer were indemnification of a surety, a situation new to both men.

I reluctantly conclude that Dailey's transfers to Springer totaling $15,200 constitute an avoidable preference. Accordingly, Dailey's transfers totaling $15,200 to Springer must be avoided. It may be so ordered.

Dated: March 15, 2010

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

SHANE S. DAILEY, (Chapter 7)

    Debtor. Case No. 09-14098

---

Michael Kepler,

    Plaintiff,

v. Adv. No. 09-169

Paul Springer,

    Defendant.

---

ORDER

---

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that transfers totaling $15,200 made by the debtor, Shane Dailey, to Paul Springer are hereby AVOIDED.

Dated: March 15, 2010

                                      ROBERT D. MARTIN
                                      UNITED STATES BANKRUPTCY JUDGE